MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA B. KANE (CSBN 150630)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

Telephone: 415.436.6857
Facsimile:  415.436.6748

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-CV-3973 |
| Plaintiff, | ) | |
| v. | ) | JOINT CASE MANAGEMENT STATEMENT; REQUEST TO TAKE THE MARCH 14, 2013 CMC OFF CALENDAR; AND ORDER TO RESCHEDULE THE CMC ON JUNE 13, 2013 |
| $49,000 IN UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |
| JOSEPH MARASCO, | ) | Date: March 14, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom B, 15th Floor |
| Claimant. | ) | |

Pursuant to the Court's standing order, the parties submit the following joint case management statement and request to take the March 14, 2013 CMC off calendar and to reschedule it in three months, on June 13, 2013:

1.  Jurisdiction and Service

This is a judicial forfeiture action. The Court has jurisdiction over defendant $49,000 under 21 U.S.C. § 881(a)(6).

The United States provided general notice of this action by publication and direct notice to Joseph Marasco and his counsel, Sara Rief, as required by Supplemental Rule G(4). *See* Supp. R. for Admir. or Maritime Claims and Asset Forf. Actions G(4); Certificate of Service, served August 2, 2012; Declaration of Publication, filed August 31, 2012. Joseph Marasco filed a timely claim and answer. *See* Defendant's [sic] Claim of Interest in Approximately $49,000 in United States Currency, filed August 28, 2012; Answer of Claimant to Verified Complaint for Forfeiture, etc., filed September 17, 2012.

2.  Facts

The United States set forth facts in its verified complaint involving the traffic stop of the vehicle in which claimant was a passenger and which it contends set forth probable cause based on a totality of the circumstances that defendant $49,000 is subject to forfeiture.

Claimant Marasco claims that defendant $49,000 is his personal savings and not subject to forfeiture. *See* Answer, *supra*.

3.  Legal Issues

   a. Whether claimant Marasco has standing to assert a claim of ownership.

   b. Whether the United States can establish by a preponderance of the evidence that defendant $49,000 is subject to forfeiture because it is connected to illegal drug trafficking activities.

   c. If the United States establishes that defendant $49,000 is subject to forfeiture, whether claimant Marasco can establish by a preponderance of the evidence any of the affirmative defenses asserted in the answer to the complaint.

4.  Motions

No motions are pending. After the close of discovery, the United States will likely file a

motion for summary judgment that defendant $49,000 is subject to forfeiture based on a totality of the circumstances.

5.   Amendment of Pleadings

The parties have no current plans to amend the pleadings.

6.   Evidence Preservation

The United States will preserve all documents, information or other evidence that it has been provided in connection with this adopted case. Claimant will preserve all documents, information or other evidence which he has in connection with this adopted case.

7.   Disclosures

No initial disclosures are required in civil forfeiture actions. Fed. R. Civ. P. 26(a)(1)(B)(ii).

8.   Discovery

The United States has propounded Special Interrogatories pursuant to Rule G(6) which explore the relationship of claimant to defendant $49,000. Supp. R. for Admir. or Maritime Claims and Asset Forf. Actions G(6). Although claimant has responded, the parties are discussing whether claimant needs to supplement. The United States has also propounded a First Set of Interrogatories and Requests for Production of Documents as well as a Request for Admissions to which claimant must respond at the end of March. In addition, after receiving written responses, the United States plans to take the depositions of claimant and his witnesses, including his father and brother.

Claimant Marasco has propounded document requests, and may also propound interrogatories and requests for admissions. The United States has to respond to the document requests at the end of March. Claimant plans to take the deposition of officers involved in this matter.

9.   Class Actions

Not Applicable.

10.   Related Cases

The parties are unaware of any related cases or proceedings pending before another judge of this court, or before another court, or administrative body.

///

JCMS
No. 11-CV-3973 MEJ                                3

11. <u>Relief</u>

The United States seeks to forfeit defendant $49,000. Claimant Marasco seeks the return of defendant $49,000.

12. <u>Settlement and ADR</u>

This is a civil law enforcement action. Although the United States has set forth evidence on which it concludes that defendant $49,000 is subject to forfeiture, the United States has not had the opportunity yet to discover the basis of claimant's claim that defendant $49,000 is not subject to forfeiture. Thus, ADR at this juncture is premature.

13. <u>Consent to Magistrate Judge for all Purposes</u>

By signing this Joint Case Management Statement previously filed, the parties consented to having this case handled by a Magistrate Judge with a direct appeal to the Ninth Circuit.

14. <u>Other References</u>

Claimant Marasco properly demanded a jury trial in his Answer.

15. <u>Narrowing of Issues</u>

It is premature to determine whether issues can be narrowed by agreement or motion before the parties engage in discovery.

16. <u>Expedited Trial Procedure</u>

Not applicable.

17. <u>Scheduling</u>

The parties suggest that the Court schedule a case management conference in three months, after the parties have had the opportunity to obtain responses to the pending discovery requests.

18. <u>Trial</u>

The parties agree that this matter does not appear to be complex and estimate that, if it ever reaches trial, the case will take no longer than 5 trial days. Claimant has has demanded a jury trial.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

The United States is exempt from the requirement in Civil Local Rule 3-16 to file a "Certification of Interested Entities or Persons." Claimant Marasco agrees to file the required Certification in the next 30 days.

JCMS
No. 11-CV-3973 MEJ                                        4

20. <u>Other Matters</u>

The parties believe the case is progressing apace and that a case management conference on March 14, 2013 is unnecessary. If the Court agrees, the parties request the Court to take the March 14, 2013 CMC off calendar and reschedule it for June 13, 2013. Fed. R. Civ. P. 1.

IT IS SO STIPULATED:

Dated: March 5, 2013

MELINDA HAAG
United States Attorney

/s/ Patricia J. Kenney
PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

LAW OFFICES OF HANLON AND RIEF

Dated: March 5, 2013

SARA RIEF
Attorney for Claimant Joseph Marasco

LAW OFFICES OF JEFF WOZNIAK

Dated: March 5, 2013

JEFF WOZNIAK
Attorney for Claimant Joseph Marasco

PURSUANT TO THE FOREGOING STIPULATION, IT IS BY THE COURT ON THIS <u>6th</u> DAY OF MARCH, 2013, ORDERED THAT THE CASE MANAGEMENT CONFERENCE IS RESCHEDULED FOR JUNE 13, 2013.

HONORABLE MARIE-ELENA JAMES
United States Magistrate Judge

JCMS
No. 11-CV-3973 MEJ                     5