MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA B. KANE (CSBN 150630)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495

Telephone: 415.436.6857
Facsimile: 415.436.6748

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. 12-CV-3973 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | JOINT CASE MANAGEMENT STATEMENT AND ORDER |
| $49,000 IN UNITED STATES CURRENCY, | ) | Date: June 13, 2013<br>Time: 10:00 a.m.<br>Place: Courtroom B, 15th Floor |
| Defendant. | ) | |
| JOSEPH MARASCO, | ) | |
| Claimant. | ) | |

Pursuant to the March 6, 2013 order, the parties submit this joint case management statement:

## 1. Jurisdiction and Service

This is a judicial forfeiture action. The Court has jurisdiction over defendant $49,000 under 21 U.S.C. § 881(a)(6).

The United States provided general notice of this action by publication and direct notice to Joseph Marasco and his counsel, Sara Rief, as required by Supplemental Rule G(4). *See* Supp. R. for Admir. or Maritime Claims and Asset Forf. Actions G(4); Certificate of Service, served August 2, 2012; Declaration of Publication, filed August 31, 2012. Joseph Marasco filed a timely claim and answer. *See* Defendant's [sic] Claim of Interest in Approximately $49,000 in United States Currency, filed August 28, 2012; Answer of Claimant to Verified Complaint for Forfeiture, etc., filed September 17, 2012.

## 2. Facts

The United States set forth facts in its verified complaint involving the traffic stop of the vehicle in which claimant was a passenger and which it contends set forth probable cause based on a totality of the circumstances that defendant $49,000 is subject to forfeiture.

Claimant Marasco claims that defendant $49,000 is his personal savings and not subject to forfeiture. *See* Answer, *supra*.

## 3. Legal Issues

a. Whether claimant Marasco has standing to assert a claim of ownership.

b. Whether the United States can establish by a preponderance of the evidence that defendant $49,000 is subject to forfeiture because it is connected to illegal drug trafficking activities.

c. If the United States establishes that defendant $49,000 is subject to forfeiture, whether claimant Marasco can establish by a preponderance of the evidence any of the affirmative defenses asserted in the answer to the complaint.

## 4. Motions

No motions are pending. After the close of discovery, the United States will likely file a motion for summary judgment that defendant $49,000 is subject to forfeiture based on a totality of the circumstances.

JCMS
No. 12-CV-3973 MEJ 2

5. **Amendment of Pleadings**

The parties have no current plans to amend the pleadings.

6. **Evidence Preservation**

The United States will preserve all documents, information or other evidence that it has been provided in connection with this adopted case. Claimant will preserve all documents, information or other evidence which he has in connection with this adopted case.

7. **Disclosures**

No initial disclosures are required in civil forfeiture actions. Fed. R. Civ. P. 26(a)(1)(B)(ii).

8. **Discovery** *Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

**Discovery of the United States & Discovery Dispute**

On March 6, 2013, the parties set forth a discovery plan in the Joint Case Management Statement. Fed. R. Civ. P. 26(f).

The United States propounded Special Interrogatories pursuant to Rule G(6) which explore the relationship of claimant to defendant $49,000. Supp. R. for Admir. or Maritime Claims and Asset Forf. Actions G(6). Although claimant has responded, the United States considers some of the responses as insufficient and will discuss with claimant's counsel its reasons.

Although the United States served interrogatories and document requests, claimant has failed to make required discovery and the United States requests the Court to enter an order to deal with that failure. On March 1, 2013, the United States propounded a First Set of Interrogatories and Requests for Production of Documents and a Request for Admissions to which responses were due on April 3, 2013. On May 14, 2013, the United States sent an email to counsel for claimant because claimant had not responded. On May 20, 2013, claimant responded to the Request for Admissions. To date, however, claimant has not responded to any of the interrogatories or requests for documents and has not provided any date by which claimant agrees to respond.

Depending on claimant's responses to its written discovery, the United States may want to take additional written discovery, subpoena documents from third parties or proceed with depositions

JCMS
No. 12-CV-3973 MEJ                                3

of third parties, including claimant's brother and father, and of claimant. The United States believes that the brother lives in San Diego and that the father lives in Wisconsin. Without the benefit of discovery, it is difficult to state how the United States will proceed.

**Parties' Stipulation to Resolve the Discovery Dispute**

To resolve this discovery dispute and because claimant lives in Wisconsin which makes coordination with his counsel more difficult, the parties have agreed that the Court enter a case management order in which claimant's right to object to the interrogatories and requests for production of documents served March 1, 2013 is waived and which requires claimant to fully respond to those interrogatories and requests for production of documents on or before July 8, 2013. The government reserves its right to take appropriate action for the failure of claimant to timely respond to its first request for admissions.

**Discovery of Claimant**

Claimant propounded document requests. The United States timely responded on March 26, 2013. Claimant may want to take additional written discovery. Claimant plans to take the deposition of officers involved in this matter.

9. **Class Actions**

Not Applicable.

10. **Related Cases**

The parties are unaware of any related cases or proceedings pending before another judge of this court, or before another court, or administrative body.

11. **Relief**

The United States seeks to forfeit defendant $49,000. Claimant Marasco seeks the return of defendant $49,000.

12. **Settlement and ADR**

This is a civil law enforcement action. Although the United States has set forth evidence on which it concludes that defendant $49,000 is subject to forfeiture, the United States has not had the opportunity yet to discover the basis of claimant's claim that defendant $49,000 is not subject to forfeiture. Thus, ADR at this juncture is premature.

JCMS
No. 12-CV-3973 MEJ 4

13. **Consent to Magistrate Judge for all Purposes**

By signing the joint case management statements in this case, the parties have agreed expressly in writing to have this Magistrate Judge handle the instant case with a direct appeal, if any, to the Ninth Circuit. *See* Joint Case Management Statements, filed October 26, 2012 and March 6, 2012, Item 13. If the Court prefers the parties to file the form consent form to have this Magistrate Judge handle the instant case, the parties are willing to do so.

14. **Other References**

Claimant Marasco properly demanded a jury trial in his Answer.

15. **Narrowing of Issues**

It is premature to determine whether issues can be narrowed by agreement or motion before the parties engage in discovery.

16. **Expedited Trial Procedure**

Not applicable.

17. **Scheduling**

The United States requests the Court to set a deadline for claimant providing responses to the outstanding interrogatories and requests for documents. After the United States reviews those responses, it hopes to be in a position to better plan the remaining discovery it will need, including depositions. The parties suggest that the Court schedule a case management conference in three months.

18. **Trial**

The parties agree that this matter does not appear to be complex and estimate that, if it ever reaches trial, the case will take no longer than 5 trial days. Claimant has demanded a jury trial.

19. **Disclosure of Non-Party Interested Entities or Persons**

The United States is exempt from the requirement in Civil Local Rule 3-16 to file a "Certification of Interested Entities or Persons." Although claimant previously agreed to file the required Certification within 30 days of having filed the Joint Case Management Statements which the parties filed on October 26, 2012 and the March 6, 2013, claimant has failed to do so.

///

20. **Other Matters**

None.

IT IS SO STIPULATED:

Dated: June 4, 2013

MELINDA HAAG
United States Attorney

*/s/ Patricia J. Kenney*
PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

LAW OFFICES OF HANLON AND RIEF

Dated: June 4, 2013

*/s/ Sara Rief*
SARA RIEF
Attorney for Claimant Joseph Marasco

LAW OFFICES OF JEFF WOZNIAK

Dated: June 4, 2013

*/s/ Jeff Wozniak*
JEFF WOZNIAK
Attorney for Claimant Joseph Marasco

### CASE MANAGEMENT ORDER

UPON CONSIDERATION OF the parties' stipulation for resolution of the discovery dispute involved in claimant's failure to respond to the interrogatories and requests for documents served on him on March 1, 201 which is described above, the entire record and for good cause shown, it is by the Court on this  5th  day of June, 2013,

ORDERED that claimant has waived his right to object to any of the government's interrogatories and requests for production of documents served on March 1, 2013, and that claimant will respond to all the interrogatories and requests for production of documents on or before July 8, 2103; and it is further

ORDERED that a case management conference is scheduled for August 29, 2013 at 10:00 a.m. and that the parties are to file a joint case management statement on or before August 22, 2013.

HONORABLE MARIA-ELENA JAMES
United States Magistrate Judge